UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN O'LEARY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C20-1020-RSL<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on petitioner Kevin O'Leary's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. # 1). For the reasons set forth below, the Court DENIES petitioner's motion.

**I.  Background**

Petitioner is a federal inmate in the custody of FCI Lompoc. See Find an Inmate, U.S. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 9, 2022). On June 7, 2012, petitioner suffocated Valerie Jefferson to death during an argument. Dkt. # 12-1 at 5. Ms. Jefferson was his common-law wife. Id. After killing her, he rolled her body up into a blanket and pushed it under the bed, where it remained until law enforcement discovered it five days later. Id. Both petitioner and Ms. Jefferson were enrolled tribal members, and the killing occurred on the Lummi Indian Reservation. Id.

On November 27, 2012, petitioner pleaded guilty to murder in the second degree, in violation of 18 U.S.C. §§ 1111(a)-(b) and 1153. Id. at 2.

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 1

On May 3, 2013, the Court sentenced petitioner to 240 months of imprisonment and five years of supervised release. Dkt. # 12-3 at 2-4. At the sentencing hearing, the Court determined that the guideline sentencing range was 168 to 210 months. Dkt. # 12-2 at 21. The Court nonetheless determined that the facts of the case justified an upward variance to the guideline range. Id. at 23. Looking to the facts, the Court stated that it was petitioner's "intentional act that resulted in her death," and noted that petitioner demonstrated special callousness towards Ms. Jefferson's loved ones in that he allowed her body to decompose under the bed while lying to her friends and family who checked in on her in the days between her murder and the discovery of her body, and that even when caught, he initially concocted a story that this was a mercy killing done at Ms. Jefferson's request. Id. at 23-24. Based on these facts and after consideration of the 18 U.S.C. § 3553(a) sentencing factors, petitioner's neuropsychological report, and the materials submitted by the parties and probation, the Court determined that the "only reasonable sentence sufficient but not greater than necessary to provide appropriate punishment" for the crime was 240 months of imprisonment. Id. at 24. The Court advised petitioner that because the sentence was above the guideline range, he had the right to appeal. Id. at 26. Petitioner did not appeal. Dkt. # 1 at 2.

This is petitioner's first habeas motion. He seeks habeas relief under United States v. Davis, 139 S. Ct. 2319 (2019), Alleyne v. United States, 570 U.S. 99 (2013), Johnson v. United States, 576 U.S. 591 (2015), and Sessions v. Dimaya, 138 S.Ct. 1204 (2018).[1] See generally Dkts. # 1, # 1-1. Petitioner placed the motion in the prison mail system on June 23, 2020. Dkt. # 1 at 13-14. Two days later, on June 25, 2020, petitioner mailed an application for leave to file a second or successive habeas petition to the Ninth Circuit. See O'Leary v. United States, 9th Cir. Case No. 20-71861, Dkt. # 1 at 19. The application reiterates that petitioner seeks

---

[1] Petitioner also indicates that he seeks habeas relief under Dodd v. United States, 545 U.S. 353 (2005). However, Dodd did not establish a right under which petitioner may seek habeas relief. Rather, Dodd held that when the timeliness of a habeas motion is measured from the date that the Supreme Court initially recognized the right asserted, this refers to the date that the Supreme Court recognized the right, not the date that the Supreme Court made the right retroactively applicable to cases on collateral review. Dodd, 545 U.S. at 357.

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 2

habeas relief under Johnson, Dimaya, and Davis. Id. at 3-4. On August 21, 2020, the Ninth Circuit denied petitioner's application as unnecessary because the instant motion was pending before this Court. The Ninth Circuit directed this Court to consider petitioner's application to the Ninth Circuit as a motion to amend his original habeas motion. Dkt. # 11 at 1-2.

## II.   Analysis

The Court considers (A) whether petitioner should be granted leave to amend and (B) the timeliness of his claims, before turning to (C) the merits of petitioner's timely claims.

### A.   Amendment of Habeas Motion

The Ninth Circuit directed this Court to treat petitioner's application for leave to file a second or successive habeas petition as a motion to amend the instant motion. "When a district court construes a new petition as a motion to amend, that court's obligation is to rule on the motion, in accordance with the standards for permitting amendment established by Federal Rule of Civil Procedure 15." Goodrum v. Busby, 824 F.3d 1188, 1195 (9th Cir. 2016). Under Rule 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). While the filing before the Court is a motion, not a pleading, the Ninth Circuit applies Rule 15(a)'s pleading-centric standards to determine if it is appropriate to amend a habeas motion. See Hooper v. Shinn, 985 F.3d 594, 622 (9th Cir. 2021), cert. denied, 142 S. Ct. 1376 (2022) (applying Rule 15(a) in a habeas case).

Petitioner filed his application with the Ninth Circuit two days after he filed his motion with this Court. This is well within Rule 15(a)(1)(A)'s 21-day period to amend as a matter of course. The Court therefore grants petitioner leave to amend and considers petitioner's claims raised in his application to the Ninth Circuit. The Court, however, notes that this amendment has no practical effect because all claims raised in petitioner's application to the Ninth Circuit were also raised in his memorandum of laws filed with his original habeas petition.

### B.   Timeliness of Claims

Petitioner's claims are subject to § 2255's one-year period of limitation. As applicable here, this one-year period runs from the latest of the date on which: (1) the judgment of conviction became final, or (2) the right asserted was initially recognized by the Supreme Court,

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 3

if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. § 2255(f)(1), (3).  The Court entered judgment on May 3, 2013, and petitioner did not pursue a direct appeal.  Petitioner's judgment of conviction therefore became final on May 17, 2013, the date on which the time for filing a direct appeal expired.  See United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015); Fed. R. App. P. 4(b)(1)(A).  Petitioner's period to bring this motion expired one year later, on May 17, 2014, which was more than six years before petitioner filed the instant motion.  Petitioner's motion is therefore untimely unless excused by the date on which a right was initially recognized by the Supreme Court.

      Petitioner asserts claims under the rights initially recognized by the Supreme Court in Alleyne, Davis, Johnson, and Dimaya.  The Court considers the timeliness of each set of claims.

      Petitioner's Davis claims are timely.  Davis applies retroactively on collateral review. See United States v. Said, 26 F.4th 653, 658 (4th Cir. 2022); United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019), as revised (Sept. 30, 2019); In re Franklin, 950 F.3d 909, 910-11 (6th Cir. 2020); In re Mullins, 942 F.3d 975, 977-79 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019); see also Welch v. United States, 578 U.S. 120, 129 (2016).  The Supreme Court issued Davis on June 24, 2019.  Because petitioner is acting *pro se*, his motion is deemed filed the date that he placed it in the prison mail system.  See Rule 3(d), Rules Governing § 2255 Proceedings; see also Houston v. Lack, 487 U.S. 266, 276 (1988).  Petitioner mailed his motion on June 23, 2020, less than a year after the Supreme Court issued Davis.  Therefore, to the extent that petitioner's claims rely on Davis, his motion was timely filed.

      However, petitioner's Alleyne, Johnson, and Dimaya claims are untimely.  The Supreme Court issued Alleyne on June 17, 2013,[2] Johnson on June 26, 2015, and Dimaya on April 17, 2018.  The period for petitioner to file a habeas motion in reliance on the rights recognized in these cases therefore expired on June 17, 2014, June 26, 2016, and April 17, 2019, respectively.

---

     [2] Further, Alleyne is not retroactive to cases on collateral review, Hughes v. United States, 770 F.3d 814, 815 (9th Cir. 2014), and therefore could not serve as the reference date for § 2255's one-year period of limitation.

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 4

Petitioner filed his motion on June 23, 2020, which was after each of these dates. These claims are therefore barred as untimely.[3]

### C. Merits

Although timely, petitioner's Davis claims lack merit.[4] Petitioner makes two Davis-based arguments: his conviction for murder in the second degree is no longer a "crime of violence" for purposes of § 924(c), Dkt. # 1-1 at 6, and second-degree murder under Washington law is not a "crime of violence" for purposes of U.S.S.G. § 4B1.2, id. at 13-15.

Petitioner's first argument fails because he was not convicted under § 924(c) or any other statute requiring a predicate conviction for a "crime of violence." Davis invalidated § 924(c)'s

---

[3] Petitioner's Alleyne, Johnson, and Dimaya claims would not succeed on the merits even if they were timely.

The nature of petitioner's Alleyne claims is unclear. While he refers to the "newly recognized right in Alleyne v. United States" in his motion, see Dkt. # 1 at 4, his memorandum of law does not mention Alleyne, see generally Dkt. # 1-1. Alleyne held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne, 570 U.S. at 103. Petitioner did not receive a mandatory minimum sentence and pleaded guilty rather than being tried by a jury. Alleyne is therefore inapplicable.

Petitioner's Johnson arguments are inapplicable to his conviction and sentence. Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [defining "violent felony"] violates the Constitution's guarantee of due process." Johnson, 576 U.S. at 606; see also 18 U.S.C. § 924(e)(2)(B)(ii) (residual clause defining "violent felony"). Petitioner was not convicted under the Armed Career Criminal Act. Petitioner largely argues that under Johnson, certain California and Washington *state* murder statutes are unconstitutionally vague. See Dkt. # 1-1 at 6-13. However, petitioner was convicted of the *federal* crime of murder in the second degree. Petitioner's arguments are therefore inapposite.

Petitioner also does not explain the nature of his Dimaya claims. Dimaya held that the residual clause of 18 U.S.C. § 16(b) defining "crime of violence" was unconstitutionally vague. Dimaya, 138 S.Ct. at 1223. However, petitioner was not convicted or sentenced under a statute that relied on § 16(b)'s definition of crime of violence and does not otherwise explain how Dimaya applies. Dimaya is therefore inapplicable.

[4] Petitioner did not raise his Davis claims on direct appeal. Claims not raised on direct appeal are generally procedurally defaulted, meaning that a petitioner may not raise the claims in a § 2255 motion. See Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006). Given that the merits of petitioner's claim are easily resolvable and produce the same result as would an analysis of procedural default, the Court finds it is appropriate to proceed directly to the merits. See Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002).

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 5

"residual clause" defining a "crime of violence."  See generally Davis, 139 S. Ct. 2319. § 924(c) is a criminal statute that provides mandatory minimum terms of imprisonment for persons convicted of using or carrying a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c).  Because petitioner was not convicted under § 924(c), it is inconsequential if murder in the second degree is a "crime of violence" for purposes of § 924(c).  Further, the statutes under which he was convicted, 18 U.S.C. §§ 1111(a)-(b) and 1153, do not include language analogous to § 924(c)'s residual clause such that Davis's holding might nonetheless apply.  Compare 18 U.S.C. § 924(c)(3)(B) (residual clause defining "crime of violence" as a felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") with 18 U.S.C. §§ 1111(a)-(b) (defining murder as "the unlawful killing of a human being with malice aforethought") and 18 U.S.C. § 1153 (establishing jurisdiction of the United States). This argument therefore fails.

Petitioner's second argument regarding the sentencing guidelines fails for three reasons, each of which stands alone.  First, petitioner was convicted under federal law, not Washington state law.  Any inadequacies in Washington's state law are therefore irrelevant.  Second, petitioner did not receive a sentencing enhancement under U.S.S.G. § 4B1.1,[5] the sentencing guideline to which U.S.S.G. § 4B1.2's definition of "crime of violence" applies.  See PSR at ¶¶ 15-43.  Third, in Beckles v. United States, the Supreme Court determined that because the sentencing guidelines are advisory and therefore merely guide district courts in the exercise of their discretion, they are not subject to a due process vagueness challenge, and, thus, "§ 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 892, 897 (2017). Although Beckles considered a challenge under Johnson, not Davis, its holding still applies.

---

[5] U.S.S.G. § 4B1.1 increases the offense level, and in turn the advisory sentence, for defendants whose instant offense is a felony crime of violence or controlled substance offense and who have at least two prior felony convictions for crimes of violence or controlled substance offenses.  U.S.S.G. § 4B1.1(a).

ORDER DENYING MOTION TO VACATE, SET
ASIDE, OR CORRECT SENTENCE - 6

Because the right announced in <u>Davis</u> is inapplicable to petitioner's conviction and sentence, his <u>Davis</u> claims fail.

### D. Certificate of Appealability and Evidentiary Hearing

A petitioner may not appeal an order denying a motion under 28 U.S.C. § 2255 without obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The Court declines to issue a certificate of appealability because petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(3).

The Court further finds an evidentiary hearing is not required. The motion, files, and records of the case conclusively establish that petitioner is not entitled to relief. <u>See</u> 28 U.S.C. § 2255(b).

### III. Conclusion

For all of the foregoing reasons, petitioner's motion (Dkt. # 1) is DENIED. Petitioner is further DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 27th day of May, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE - 7